UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**USR GROUP, INC.,**

                              **Appellant,**

                **-v-**                                        **5:04-CV-1200**

**JEANA M. REED,**

                              **Appellee.**


✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Office of Matthew J. Sgambettera
Matthew J. Sgambettera, Esq., of Counsel
323 Ushers Road, P.O. Box 1550
Clifton Park, New York 12065
Attorney for Appellant

Office of Edwin M. Adeson
Edwin M. Adeson, Esq., of Counsel
498 Glen Street
Glens Falls, New York 12801
Attorney for Appellee

Andrea E. Celli, Esq.
350 Northern Blvd.
Albany, New York 12204
Chapter 13 Trustee

Ehrlich, Hanft, Baird & Arcodia
Marc S. Ehrlich, Esq., of Counsel
64 Second Street
Troy, New York 12180
Chapter 7 Trustee

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

        This is an appeal from an Order of Hon. Robert E. Littlefield, Jr., United States

Bankruptcy Judge (Bankruptcy Dkt. No. 27), converting this case, filed under Chapter 7 of the

Bankruptcy Code, to a Chapter 13 case.  In granting the debtor's conversion motion, Judge

Littlefield held that conversion could be denied only on grounds of prior conversion or

ineligibility for Chapter 13 treatment.  *See* 11 U.S.C. § 706(a),(d).  He construed the Bankruptcy

Code as requiring that questions such as good faith, prejudice to creditors, and feasibility be

considered not in the context of the motion to convert to Chapter 13, but rather after conversion,

in the context of the Chapter 13 proceeding.  *See* Judge Littlefield's Memorandum-Decision

(Bankruptcy Dkt. No. 21) underlying the Order on appeal, citing his decision in *In re Carrow*,

315 B.R. 8, 14-19 (Bankr. N.D.N.Y. 2004).

In *Marrama v. Citizens Bank of Mass.*, decided subsequent to Judge Littlefield's Order,

the Supreme Court held that a debtor who acts in bad faith has forfeited his or her right to convert

a Chapter 7 case to a Chapter 13 case.  127 S.Ct. 1105 (2007).  In the instant case, on review of

the entire record, the Court finds no evidence which would support a finding that the debtor acted

in bad faith within the meaning of *Marrama* so as to warrant denial of the conversion motion.

Accordingly, reversal and remand on this ground would be futile.  The Court has reviewed *de*

*novo* the other issues raised on appeal and finds no basis for reversal.

It is therefore

ORDERED that the order appealed from is affirmed; and it is further

ORDERED that the appeal (Dkt. No. 1) is denied.

IT IS SO ORDERED.

Dated: July 17, 2007
          Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge